## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kia Motors America, Inc.,                              Civil No. 06-156 (DWF/JJG)

          Plaintiff,

v.                                                    **MEMORANDUM**
                                                      **OPINION AND ORDER**

Autoworks Distributing; Applegate Supply;
Wayzata Nissan, LLC, a Minnesota Corporation;
Mark Saliterman, an individual d/b/a Wayzata
Nissan, LLC, MPA Autoworks, Autoworks
Distributing, and Applegate Supply;
Jay Schroeder, an individual d/b/a Wayzata
Nissan, LLC, MPA Autoworks, Autoworks
Distributing and Applegate Supply; and
Does 1-10 inclusive,

          Defendants.

_____

David N. Makous, Esq., and Isamu H. Lee, Esq., Lewis, Brisbois, Bisgaard & Smith LLP;
Michael A. Boni, Esq., and Norman M. Abramson, Esq., Gray, Plant, Mooty, Mooty &
Bennett, P.A., counsel for Plaintiff.

H. Kenneth Kudon, Esq., Kudon Law Firm; Kent R. Erickson, Esq., Erickson & Kleypas,
LLC; and Gregory J. Johnson, Esq., Johnson, Provo-Peterson, LLP, counsel for Defendants.
_____

## Introduction

This matter came before the Court on August 17, 2006, pursuant to a Motion to

Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a Motion for

a More Definite Statement under Federal Rule of Civil Procedure 12(e), and a Motion for

Summary Judgment brought by Autoworks Distributing; Applegate Supply; Wayzata Nissan,

LLC, a Minnesota Corporation; Mark Saliterman, an individual d/b/a Wayzata Nissan, LLC,

Autoworks Distributing, and Applegate Supply; Jay Schroeder, an individual d/b/a Wayzata

Nissan, LLC, Autoworks Distributing and Applegate Supply (collectively, "Defendants").

For the reasons set forth below, the Court denies Defendants' Motions.

## Background

### I.     Allegations in the Complaint

For the purposes of this Order, the Court focuses on the allegations in KMA's

Complaint.   In its Complaint, Plaintiff Kia Motors America, Incorporated ("KMA")

explains that its sells Kia automobiles, automobile parts, accessories, and related services

under an exclusive license agreement it has with Kia Motors Corporation.  (Compl. ¶¶ 2,

13.)  As part of that agreement, KMA asserts that it is the exclusive licensee of three

trademarks owned by Kia Motors Corporation:  (1) KIA Design Logo (Registration No.

2351320); (2) KIA (Registration No. 1723608); and (3) KIA Design Logo (Registration

No. 1955539).  (*Id*. ¶ 14.)   Collectively, these three trademarks are referred to as the KIA

MARKS.

KMA asserts that it has the right to enforce and sub-license its rights to the KIA

MARKS in North America, specifically in the United States.  (*Id*. ¶ 2.)  KMA contends that

it and its authorized dealers have expended large sums of money for many years in the

United States advertising KMA's products using the KIA MARKS.  (*Id.* ¶ 18.)  Specifically,

KMA alleges that it "has developed marketing strategies and has designed packaging,

promotional materials, and specific products for the market in the United States . . . and . . .

KMA has also expended significant time, money and effort in ensuring that the authorized

Kia products comply with state and federal laws in the United States." (*Id.* ¶ 19.) KMA

additionally alleges that it "exercises great care in selecting licensed dealerships . . . and . . .

[s]ubstantial monies and efforts are expended to control the nature and quality of the goods

and services in connection with which such dealers may employ the KIA MARKS." (*Id.*)

     In essence, and as discussed at oral argument, the focus of KMA's Complaint is on

Defendants' unauthorized sale of Kia products, using the KIA MARKS, in the United

States.[1]  The Complaint contains two counts:  (1) trademark infringement under 15 U.S.C.

§§ 1114(1)(a) and (2) false designation of origin under 15 U.S.C. § 1125(a)(1)(A).[2]

Specifically, KMA alleges that since the KIA MARKS were registered, Defendants, who are

not authorized to use the KIA MARKS, have used marks that are identical or nearly identical

to the KIA MARKS in interstate commerce in connection with the sale, offering for sale,

and/or advertising of automotive parts.  (*Id.* ¶¶ 20, 28, 34.)  KMA asserts that Defendants'

use of the similar marks has created a false impression with the public that the goods sold

by Defendants are somehow affiliated with KMA and has confused or is likely to confuse

---

[1]    Given this, it is noteworthy that the Complaint contains no allegations that Kia
products that were manufactured for sale in countries other than the United States and then
sold in the United States violated either state or federal law.  The Complaint also does not
contain any allegations that parts manufactured for sale in countries other than the United
States differ in quality and composition than products manufactured for sale in the United
States.

[2]    KMA originally filed, and then later withdrew, its claim of trademark dilution under
15 U.S.C. §1125(c).

the public as to the origin, nature, and quality of the goods.  (*Id*. ¶¶ 21, 23.)  KMA seeks

both monetary and injunctive relief, claiming that it has suffered, and will continue to

suffer, damage to its business and its reputation until Defendants' activities are stopped.

(*Id.* ¶¶ 24-25.)

KMA alleges that Defendants' conduct is "only some of the infringing activities and

misconduct in which the Defendants have engaged . . . [and] that [D]efendants have engaged

in additional wrongful acts which have yet to come to light."  (*Id.* ¶ 22.)  Finally, KMA

states that it "will seek leave of this Court to amend this pleading to aver such other

additional facts when they have been ascertained."  (*Id.*)

## II.      Procedural Posture

KMA originally filed its Complaint in the United States District Court for the

Central District of California.  Before answering the Complaint, Defendants filed two

motions:  (1) a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in

the alternative, a Motion for a More Definite Statement under Federal Rule of Civil

Procedure 12(e) and (2) a Motion to Transfer Venue to this Court.  The California District

Court granted Defendants' Motion to Transfer Venue and transferred this case to this Court.

 It did not address the Rule 12 Motion.

After the case was transferred to this District, Defendants requested and were

granted a stay of discovery pending the Court's decision on Defendants' Rule 12 Motion.

*See* June 23, 2006 Order.  When Defendants requested the stay, they did not inform the

Court that they also intended to file a summary judgment motion, which they did on the

4

same day that they filed a supplemental memorandum for their Rule 12 Motion.

## Discussion

**I.      Rule 12(b)(6) Motion**

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).  The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  Therefore, Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  *See Davis v. Walt Disney Co.*, 2004 WL 1895234, *2 (D. Minn. 2004); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1356 (2004).

A review of the pleadings reveals that KMA has satisfied the notice pleading
requirements of Rule 8. Although the Complaint is not detailed, the parties agreed with the
Court at oral argument that the ultimate issue presented in the Complaint is whether
Defendants are selling unauthorized Kia products using the KIA MARKS. To state a claim
for trademark infringement or false designation under the Lanham Act, KMA must allege
(1) ownership of a valid trademark and (2) likelihood of confusion between the owner's
mark and a defendant's mark. *See* 15 U.S.C. § 1114(1); 15 U.S.C.
§ 1125(a)(1)(A); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 (8th
Cir. 1996). Here, KMA alleges that it is the exclusive licensee of the KIA MARKS and that
it has the exclusive right to sublicense and enforce the marks. (Compl. ¶¶ 2, 14.) It also
alleges that Defendants' are selling or distributing auto parts bearing marks that are
identical or nearly identical to the KIA MARKS and that such sales are unauthorized. (*Id*.
¶¶ 20, 28, 34.) Moreover, it alleges that the public has been confused as to the origin or
source of Defendants' goods. (*Id*. ¶¶ 26-37.) Given this, the Complaint presents two claims
upon which relief can be granted.

Defendants argue that, even if KMA's Complaint satisfies Rule 8, it nonetheless
fails because it does not meet the specificity requirements of Rule 9(b). That rule requires
that "[i]n all averments of fraud and mistake, the circumstances constituting fraud or
mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Because Rule 9(b) does not
expressly authorize a motion for its enforcement, a party sometimes challenges a pleading
based on insufficient particularization under Rule 12(b)(6). 5A Charles A. Wright & Arthur

R. Miller, *Federal Practice and Procedure: Civil 3d* § 1300 (2004) (explaining, however, that Rule 9(b) is also subject to the liberal amendment provisions of Rule 15 and that failure to satisfy Rule 9(b) will not automatically lead to dismissal or judgment on the merits).

Relying on *Pestube Sys. v. HomeTeam Pest Def., LLC*, 2006 WL 1441014 34337 (D. Ariz. 2006); *In re Century 21-RE/MAX Real Estate Advertising Claims Litigation*, 882 F. Supp. 915 (C.D. Cal. 1994); *Barr Laboratories, Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111 (E.D.N.Y. 1993); and *Max Daetwyler Corp. v. Input Graphics Inc.*, 608 F. Supp. 1549 (E.D. Pa. 1985), Defendants assert that that KMA's allegations under the Lanham Act are akin to allegations of fraud.  Because KMA's allegations do not meet Rule 9(b)'s heightened pleading standard, Defendants argue that KMA's Complaint must be dismissed under Rule 12(b)(6).

Defendants' reliance on those cases is misplaced.  Those cases involved false advertising claims under § 1125(a)(1)(B) of the Lanham Act, and they suggest that where a plaintiff's Lanham Act claim is akin to fraud, the heightened pleading standard may be appropriate because a plaintiff is required, at a minimum, to state generally the content of an alleged misrepresentation.  Defendants did not cite—and the Court could not find—a decision in the Eighth Circuit holding that all claims pled under the Lanham Act require the heightened pleading set forth in Rule 9(b).

The Court need not reach the issue, however, because in this instance KMA's Lanham Act claims are not akin to fraud.  Rather, unlike the cases cited by Defendants,

KMA alleges claims under § 1114(1)(a) and § 1125(a)(1)(A) of the Lanham Act relating mainly to the unauthorized sale of Kia products using the KIA MARKS.  For the reasons stated above, KMA has put Defendants on notice of this alleged misconduct; therefore, KMA need not allege its claims with the particularity required by Rule 9(b).   Because the Court determines that KMA's Complaint satisfies Rule 8, it denies Defendants' Motion to Dismiss.

## II.      Rule 12(e) Motion

As an alternative to their Motion to Dismiss, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).  Rule 12(e) allows a party to "move for a more definite statement before interposing a responsive pleading . . . when the responding party cannot reasonably be required to frame a responsive pleading because the pleading is so vague or ambiguous."  Fed. R. Civ. P. 12(e).   The rule also states that the moving party "shall point out the defects complained of and the details desired."  *Id*.  In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. The United States Supreme Court has explained that the Federal Rules of Civil Procedure do not require a claimant to describe in detail the facts upon which he bases his claim; rather, the rules require a short and plain statement of the claims that give a defendant fair notice of what a plaintiff's claim is and the grounds upon which it rests.  *Conley*, 355 U.S. at 47.  "Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored."  *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996) (citations omitted).

Therefore, Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail.  *Id*.

Defendants contend that they cannot frame a responsive pleading because the claims are "vague and ambiguous."  (Defs.' Mem. Supp. Mot. Dismiss at 4.)  Specifically, Defendants seek clarification as to whether KMA is alleging that Defendants have been selling fake goods, unauthorized goods, or counterfeit goods, and, if so, who they have sold them to and where and when this has taken place.  (*Id.* at 1-2.)

The Court has reviewed the allegations contained in the Complaint and finds that they set forth a short and plain statement of KMA's claims that is sufficient to provide Defendants with a basis to form a responsive pleading.  Specifically, Defendants can frame a responsive answer as to whether they are licensed dealers of Kia auto parts, whether they are actually shipping Kia auto parts that contain marks identical or nearly identical to the KIA MARKS, whether they are authorized to distribute or sell those Kia auto parts, and whether they have sold the alleged parts.  Any other details Defendants seek may be obtained through discovery.  Therefore, the Court denies Defendants' Motion for a More Definite Statement.

## III.    Motion For Summary Judgment

Without notice to the Court or KMA, Defendants asked for a stay of discovery while simultaneously filing a motion for summary judgment.  As both parties should know, Federal Rules of Civil Procedure 56 mandates the entry of summary judgment only after the nonmovant has had adequate time for discovery.  *See Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation,* 113 F.3d 1484, 1489-90 (8th Cir. 1997). Given this, Defendants' Motion for Summary Judgment is denied, and KMA's Motion to Consider the Declaration of Kia Motors Corporation is denied as moot.

## CONCLUSION

Kia Motors Corporation's absence in this action is noticeable. As the licensor of the KIA MARKS and products, it is difficult to understand why KMA has not named Kia Motors Corporation as a plaintiff or defendant, depending on the company's involvement with Defendants. Similarly, Defendants' lack of argument or proof that their parts are genuine is conspicuous. Many of the issues in this case, including Defendants' argument about lack of standing, will be resolved or be ready for adjudication as soon as these two matters are addressed. The parties are directed to discuss the foregoing, a discovery schedule, and a protective order with Magistrate Judge Jeanne J. Graham as soon as possible.

The Court is mindful of Defendants' assertion that KMA is using this lawsuit as a fishing expedition to discover Defendants' source for Kia parts because KMA and Defendants are head-to-head competitors. The Court therefore reserves the right to impose sanctions and/or attorney fees if it determines that KMA filed this action in bad faith.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.      Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a Motion for a More Definite Statement under Federal Rule

of Civil Procedure 12(e) (Doc. No. 63) is **DENIED**.

2.      Defendants' Motion for Summary Judgment under Fed. R. Civ. P. 56(b) (Doc.

No. 66) is **DENIED**.

3.      Defendants' Motion to Consider the Declaration of KIA Motors Corporation

(Doc. No. 82) is **DENIED AS MOOT**.


Dated:  September 22, 2006          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court