UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kia Motors America, Inc.,                                Civil No. 06-156 (DWF/JJG)

          Plaintiff,

v.                                                 **ORDER AND MEMORANDUM**

Autoworks Distributing; Applegate Supply;
Wayzata Nissan LLC, a Minnesota corporation;
Mark Saliterman, an individual d/b/a Wayzata
Nissan, LLC, MPA Autoworks,  Autoworks
Distributing and Applegate Supply, Jay
Schroeder, an individual d/b/a Wayzata Nissan,
LLC, MPA Autoworks Autoworks Distributing,
and Applegate Supply; and Does 1-10 inclusive,

          Defendants.

---

David N. Makous, Esq., and Isamu H. Lee, Esq., Lewis Brisbois Bisgaard & Smith, LLP; and Michael A. Bondi, Esq., Norman M. Abramson, Esq., and Kelly W. Hoversten, Esq., Gray Plant Mooty Mooty & Bennett, PA, counsel for Plaintiff.

Gregory J. Johnson, Esq., Johnson, Provo-Peterson, LLP; H. Kenneth Kudon, Esq., Kudon Law Firm; and Kent R. Erickson, Esq., Erickson & Kleypas, LLC, counsel for Defendants.

---

This matter is before the Court on Defendants' appeal of Magistrate Judge Jeanne J. Graham's January 17, 2007 Order, denying in part and granting in part Defendants' Motion for a Protective Order.  This matter is also before the Court on Defendants' Request for Leave to File a Reply Memorandum in Support of the Objections to Partial Denial of Defendants' Motion for a Protective Order.  Finally, it should be noted that the Court has received Defendants' March 14, 2007 letter.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Graham's Order is neither clearly erroneous nor contrary to law. Therefore, the Court denies Defendants' appeal and affirms Magistrate Judge Graham's January 17, 2007 Order in all respects. Because the Court has reviewed and considered Defendants' Reply, their request for leave to file a reply is granted.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.   Magistrate Judge Jeanne J. Graham's January 17, 2007 Order (Doc. No. 112) is **AFFIRMED,** and Defendants' Appeal/Objection (Doc. No. 119) is **DENIED.**

2.   Consistent with the Memorandum below, Defendants shall produce information responsive to Plaintiff's request about the source of Defendants' suppliers to Plaintiff's litigation attorneys in this case only for the purposes of this litigation only and

for no other purpose.  Plaintiff's general or corporate counsel shall not have access to the information.

      3.    Defendants' Request for Leave to File a Reply Memorandum in Support of the Objections to Partial Denial of Defendants' Motion for a Protective Order (Doc. No. 122) is **GRANTED.**

Dated:  March 19, 2007        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court

## MEMORANDUM

Under the liberal discovery rules, Plaintiff is entitled to the information it seeks as to the source of Defendants' suppliers in the manner described below, despite the fact that it *may* be a trade secret.  Plaintiff explains that the issue in this case is "whether Defendants' automobile parts sold under the KIA marks are counterfeits or gray market goods."  (Plaintiff's Opp'n to Defendants' Appeal at 6.)  If Defendants' goods are indeed counterfeit, the identity of Defendants' supplier will confirm this fact, and, if Defendants' products are gray market goods, the identity of Defendants' supplier will help to prove whether there are material differences in Plaintiff's and Defendants' products.  As such, Plaintiff has established that the information it seeks is relevant to one or more of its claims or defenses as it appears reasonably calculated to lead to the discovery of admissible evidence.

Defendants' attempt to bifurcate discovery and make Plaintiff prove its case without the benefit of discovery is unavailing.  None of the cases cited by Defendants supports their argument that a plaintiff must first establish its entire case before it is allowed access to Defendants' information.  *See Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998) (discussing plaintiff's burden of proof at summary judgment stage); *Warner-Lambert Co. v. Northside Devel. Corp.*, 86 F.3d 3, 6 (2d Cir. 1996) (discussing plaintiff's burden of proof at injunction stage).  Moreover, in other cases addressing the issue, the discussion centers around under what conditions the information is disclosed, not if the information should be disclosed.  *See e.g., Drexel Heritage Furnishings, Inc. v. Furniture U.S.A., Inc.*, 200 F.R.D. 255, 260 (M.D.N.C. 2001).

Plaintiff does not seek unfettered access to Defendants' suppliers.  Rather, under the protective order already in place, it seeks "Attorneys Eyes Only" information as to Defendants' source.  In this instance, the Court concludes that Plaintiff's access to the source information shall be restricted more than is provided by an "Attorneys Eyes Only" designation.  Rather, the source information shall only be viewed by Plaintiff's litigation attorneys in this case only–namely David N. Makous, Esq., Isamu H. Lee, Esq.,Michael A. Bondi, Esq., Norman M. Abramson, Esq., and Kelly W. Hoversten, Esq.–for the purposes of this litigation only and for no other purpose.  Plaintiff's general or corporate counsel, whether they be in-house or from the law firms of Lewis Brisbois Bisgaard & Smith, LLP or Gray Plant Mooty Mooty & Bennett, PA, shall not have access to the information.

As noted in its September 22, 2007 Order, the Court is mindful of Defendants' assertion that Plaintiff is using this lawsuit as a fishing expedition to discover Defendants' source of Kia parts because Plaintiff and Defendants are head-to-head competitors. The Court recognizes Defendants' very real concern that Plaintiff may be seeking this information only to use it to stop Defendants' suppliers from doing business with Defendants. If, after Defendants disclose their source information to Plaintiff's litigation attorneys in the manner described above, those sources suddenly cease doing business with Defendants or substantially change the manner in which they do business with Defendants, the presumption will be that Plaintiff's litigation attorneys supplied that information to Plaintiff or to Plaintiff's general or corporate counsel in violation of this Court's Order, who in turn used that information to persuade the sources to stop doing business or change the way they do business with Defendants. Plaintiff and Plaintiff's litigation counsel will have difficulty rebutting this presumption. As stated previously, the Court reserves the right to impose sanctions and/or attorney fees if it determines that Plaintiff filed this action–or is seeking Defendants' source information–in bad faith.

Finally, the Court reserves the right to impose sanctions and/or attorney fees on Defendants if it later determines that Defendants' repeated motion practice is in bad faith, with the sole purpose of delaying the trial. Plaintiff commenced this action on July 6, 2005. Since then, little progress has been made to get this case trial-ready. The Court expects the parties to move forward with discovery in an expeditious manner.

For these reasons, the Court denies Defendants' appeal and objections and affirms Magistrate Judge Graham's January 17, 2007 Order.

D.W.F.